UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GARDNER,<br><br>            Plaintiff,<br><br>      v.<br><br>SIX FLAGS DISCOVERY KINGDOM, et al.,<br><br>            Defendants. | No. 2:15-cv-2085-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a county inmate proceeding without counsel in a civil action. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.      Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.     Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
2  relief may be granted," or "seeks monetary relief from a defendant who is immune from such
3  relief." *Id.* § 1915A(b).

4      A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
5  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and
6  plain statement of the claim showing that the pleader is entitled to relief, in order to give the
7  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
8  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
9  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
10 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
11 U.S. 662, 679 (2009).

12     To avoid dismissal for failure to state a claim a complaint must contain more than "naked
13 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
14 action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
15 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
16 678.

17     Furthermore, a claim upon which the court can grant relief must have facial plausibility.
18 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
19 content that allows the court to draw the reasonable inference that the defendant is liable for the
20 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
21 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
22 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
23 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

24     Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only
25 those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*,
26 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,
27 confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction
28 requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a

"case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

**III.    Screening Order**

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that the allegations are too vague and conclusory to state a cognizable claim for relief. The complaint names Officer Messing and "Six Flags Discovery Kingdom" as defendants and includes the following "Statement of Claim":

> On 11 02 2014 my wife and I were walking through the park at Six Flags Discovery Kingdom Fight Feast Night when we were approached by Peppino Messing #584 an[ ] officer employed by the Vallejo Police department in Vallejo, CA. Both were arrested for petty theft. The charge was dismissed in court.

ECF No. 1, § IV. In the request for relief, plaintiff seeks a "jury trial date" and "damages under state and federal law." *Id.*, § V.

Plaintiff does not identify any specific claims for relief, and the court cannot identify any cognizable claims for purposes of § 1915A screening. In addition, the complaint does not establish that this court has subject matter jurisdiction over plaintiff's intended claim(s).[1] Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity

---

[1] The complaint is written on a pre-printed form that references 42 U.S.C. § 1983. The allegations themselves, however, do not mention § 1983 or purport to state a claim for relief under that, or any other federal statute.

3

1    overt acts which defendants engaged in that support plaintiff's claim.  *Id.*  Because plaintiff fails
2    to state a claim for relief, the complaint must be dismissed.

3    Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable
4    legal theory against a proper defendant and sufficient facts in support of that cognizable legal
5    theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must
6    afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).
7    Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set
8    forth the claims and allegations against each defendant.  Any amended complaint must cure the
9    deficiencies identified above and also adhere to the following requirements:

10   Any amended complaint must identify as a defendant only persons who personally
11   participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*
12   *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a
13   constitutional right if he does an act, participates in another's act or omits to perform an act he is
14   legally required to do that causes the alleged deprivation).

15   It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

16   Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *George*
17   *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

18   Any amended complaint must be written or typed so that it so that it is complete in itself
19   without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended
20   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
21   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114
22   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
23   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
24   1967)).

25   The court cautions plaintiff that failure to comply with the Federal Rules of Civil
26   Procedure, this court's Local Rules, or any court order may result in this action being dismissed.
27   *See* E.D. Cal. Local Rule 110.

28   /////

In addition, the court notes that the following legal standards may apply to plaintiff's intended claims for relief.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Private individuals and entities do not act under color of state law. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see also Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private party" only if he is alleged to be "a willful participant in joint action with the State or its agents.") (citation and quotation marks omitted). "The United States Constitution protects individual rights only from *government* action, not from *private* action." *Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746-47 (9th Cir. 2003).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

**IV.   Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Solano County Sheriff filed concurrently herewith.
3. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order will result in dismissal of this

/////

/////

1   action for failure to prosecute.  If plaintiff files an amended complaint stating a
2   cognizable claim the court will proceed with service of process by the United
3   States Marshal.
4   Dated: March 14, 2017.
5   EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE