UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GARDNER,<br><br>  Plaintiff,<br><br>  v.<br><br>SIX FLAGS DISCOVERY KINGDOM, et al.,<br><br>  Defendants. | No. 2:15-cv-2085-WBS-EFB P<br><br>ORDER |

Plaintiff, a former county inmate, is proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After a dismissal of his initial complaint pursuant to 28 U.S.C. § 1915A (ECF No. 4), he filed a first amended complaint (ECF No. 14), and then requested further leave to amend, which the court granted (ECF No. 15). His second amended complaint (ECF No. 22) is now before the court for screening pursuant to section 1915A. ECF No. 10.

**I.  Screening Order**

Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to

1

state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Plaintiff claims that his Fourth Amendment rights were violated on January 2, 2014 at the Six Flags Discovery Kingdom Amusement Park when Officer Messina Peppino of the Vallejo Police Department approached him and charged him with petty theft. ECF No. 22 at 5. The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. Plaintiff's claim cannot pass screening because it fails to allege that any search or seizure even occurred. *See Terry v. Ohio*, 392 U.S. 1, 16 (1968) ("whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person."). If Officer Peppino arrested or otherwise detained plaintiff, plaintiff may so allege in a third amended complaint. Plaintiff must also explain why the arrest or detention was unreasonable under the circumstances. *See id.* at 9 ("[W]hat the Constitution forbids is not all searches and seizures, but *unreasonable* searches and seizures." (emphasis added)). Moreover, and as the court cautioned in its initial screening order (ECF No. 4), private entities such as Six Flags Discovery Kingdom generally cannot be sued under section 1983. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private party" only if he is alleged to be "a willful participant in joint action with the State or its agents.") (citation and quotation marks omitted). "The United States Constitution protects individual rights only from *government* action, not from *private* action." *Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746-47 (9th Cir. 2003).

**II.     Leave to Amend**

For these reasons, plaintiff's second amended complaint must be dismissed with leave to amend. If plaintiff chooses to file a third amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe,

in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

## III. Conclusion

Accordingly, it is hereby ORDERED that plaintiff's second amended complaint (ECF No. 22) is dismissed with leave to amend within 30 days of the date this order is served. Failure to comply with this order may result in dismissal of this action.

DATED: May 2, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3