UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GARDNER,<br><br>          Plaintiff,<br><br>    v.<br><br>SIX FLAGS DISCOVERY KINGDOM, et al.,<br><br>          Defendants. | No. 2:15-cv-2085-WBS-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, who proceeds pro se and in forma pauperis, has submitted a third amended complaint. ECF No. 30. The court must screen it.

### Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a).

---

[1] From plaintiff's current address, it appears that he is no longer incarcerated. Nevertheless, given that he is proceeding in forma pauperis, he remains subject to the screening requirement under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Under § 1915(e)(2)(B)(i)-(iii), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

1

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint

under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Screening Order

Plaintiff's third amended complaint fails to state a cognizable claim. He offers only the conclusory allegation that, on January 2, 2014, he was detained at Six Flags Discovery Kingdom by defendant Messina – who was employed by the Vallejo Police Department. ECF No. 30 at 3. Plaintiff claims that Messina searched him and some unidentified property was taken from him. *Id.* Finally, he alleges that a charge of petty theft was brought against him, but ultimately dismissed. *Id.*

These alleged facts simply do not give rise to any constitutional violation. The mere fact of plaintiff's detention by Messina is not, without more, a violation of his rights.[2] And any claim against Six Flags – absent some indication that it was acting under color of state law - is non-cognizable in an action brought pursuant to section 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (conduct of a private entity is state action only where there is: (1) the exercise of a state-created right, privilege, or rule of conduct (state policy); and (2) an actor who is either a state official, one who has acted together with a state official or has obtained significant aid therefrom, or one whose conduct is otherwise chargeable to the state (state actor)).

/////

---

[2] To the extent plaintiff is implying that the subsequent dismissal of his petty theft charge renders the arrest itself unlawful, he is incorrect. *See, e.g., Davis v. Cnty. of San Bernardino*, 2009 U.S. Dist. LEXIS 106659, 2009 WL 3838287, at *5 (C.D. Cal. Nov. 13, 2009) (citations omitted) ("Regardless of the reasons initially given for making an arrest, an arrest is valid as long as there is probable cause to arrest for any offense."). Crucially, plaintiff has not alleged facts indicating that no probable cause existed for Messina to arrest plaintiff.

The court notes that it is unclear whether plaintiff was arrested or subjected to a *Terry* detention by Messina. If it was the latter, only reasonable suspicion was required. *See, e.g., United States v. Arvizu*, 534 U.S. 266, 273-74 (2002). Regardless, plaintiff does not allege the absence of reasonable suspicion. His only contention appears to be that the petty theft charge that was subsequently brought against him was ultimately dismissed.

## Leave to Amend

This is plaintiff's third amended complaint and he has yet to state any viable claim. This counsels against granting him further leave to amend. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (futility of amendment and previous opportunities to amend are factors to assess in weighing the propriety of granting leave to amend).

## Conclusion

Accordingly, it is hereby ORDERED that the court's June 7, 2018 findings and recommendations (ECF No. 27) recommending dismissal for failure to file a timely amended complaint are VACATED and it is RECOMMENDED that this action be dismissed without leave to amend and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 7, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE